individual to produce the documents. We note that the remedy for noncompliance with Rule 237(b) is within the sound discretion of the trial court. *Cohn v. Northern Trust Co.*, 250 Ill. App. 3d 222, 621 N.E.2d 132 (1993). "Rule 237 notices are not discovery tools and should not be used as a substitute for the discovery rules." *Lannert v. Ramirez*, 214 Ill. App. 3d 1102, 1105, 574 N.E.2d 238, 240 (1991). The plaintiffs filed an incomplete request to produce in 1993 and waited until three weeks before trial to amend their notice to request the documents at issue. The plaintiffs made no attempt to continue the trial. Thus, we find that, under the facts of this case, the plaintiffs have failed to show that the trial court abused its discretion by refusing the plaintiffs' motion to compel Botterman to produce the records at issue.

For the reasons stated above, we affirm the trial court's April 21, 1994, order finding that the plaintiffs failed to establish a *prima facie* case and entering a directed finding in favor of the defendants.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.

HILDA AGUILERA, Indiv. and as Special Adm'x of the Estate of Salvador Aguilera, Deceased, and as Mother and Next Friend of Leticia Aguilera, *et al.*, Minors, Plaintiff-Appellant, v. MT. SINAI HOSPITAL MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—1893

Opinion filed June 27, 1996.